UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:25-CR-00285 |
| | JUDGE JOSEPH |
| v. | MAGISTRATE JUDGE WHITEHURST |
| MAHMOUD AMIN YA'QUB AL-MUHTADI, | |
| Defendant | |

/

**USA'S MOTION *IN LIMINE* TO AUTHENTICATE SIX INTERCEPTED PHONE CALLS**

Through this Motion, the United States respectfully moves this Court to admit the six attached phone recordings (the "Subject Calls") based on the accompanying certificate of authenticity executed by "Maya," a supervisor at the Gaza desk of the Israel Security Agency ("ISA"), which is responsible for monitoring, intercepting, and storing calls like the six at issue here. As the certification attached as **Exhibit 1** (the "Maya Certificate") sets forth, these six calls were maintained by ISA in the regular course of its conducting lawful intercept processes in the State of Israel, and they are thus admissible under 18 U.S.C. § 3505 as well as Federal Rules of Evidence 902(11) and 803(6). This Court should therefore enter an order holding the Subject Calls to be properly authenticated for the January trial.[1]

**RELEVANT BACKGROUND**

This case concerns the Defendant recruiting others to cross into Israel with him to participate in the terrorist attack that occurred on October 7, 2023. The most important evidence

[1] The Government will separately prove the intercepted calls' relevance and nonhearsay status by presenting witnesses who can identify the Defendant's voice on the calls and evidence proving, along with the calls' contents themselves, that the calls contain co-conspirator statements that are not hearsay pursuant to FRE 801(d)(2)(E).

the Government intends to present at trial to prove this accusation consists of six phone calls made by the Defendant on October 7 that the State of Israel provided to the Government in response to a records request. These Subject Calls, attached as **Exhibits 2-7** and produced to the defense well in advance of this Motion, were made from a phone number that the Government will connect to the Defendant and involve a voice that the Government will identify at trial to belong to the Defendant. This Motion solely concerns the authentication of the calls, which the Government establishes here through a certification showing it to be a record regularly collected by ISA.

## LEGAL STANDARD

As a general matter, "valid Rule 902(11) certificates are sufficient for admissibility," *United States v. Age*, 136 F.4th 193, 226 (5th Cir. 2025), and business records "are not testimonial because they were created in the ordinary course of business, not for the purpose of establishing or proving some fact at trial," *id.* (quotations omitted). International records of a regularly conducted activity are governed by 18 U.S.C. § 3505. Section 3505(a)(1) provides that foreign records of a regularly conducted activity "shall not be excluded as evidence by the hearsay rule if a foreign certificate attests" (1) that the record was made "at or near the time of the occurrence," (2) that it was "kept in the course of a regularly conducted activity," (3) that "the business activity made such a record as a regular practice," and (4) that the record "is a duplicate of the original." Section 3505(a)(2) further provides that "[a] foreign certification under this section shall authenticate such record or duplicate," and Section 3505(b) permits a party to offer "a foreign record of regularly conducted activity [with] written notice of that intention to each other party." 18 U.S.C. § 3505(b).

As for wire intercepts, the Fifth Circuit has long held that "[t]o establish authenticity [for intercepted wire communications], the Government must demonstrate: 1) the operator's

competency, 2) the fidelity of the recording equipment, 3) the absence of material alterations, and 4) the identification of relevant sounds or voices." *United States v. Green*, 324 F.3d 375, 379 (5th Cir. 2003) (citing *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977)). That said, "[t]he party seeking to establish authenticity need not meet all the factors set out in *Biggins* if 'upon independent examination, the district court is convinced that the recording accurately reproduces the auditory experience.'" *Id.* (quoting *United States v. Buchanan*, 70 F.3d 818, 827 (5th Cir. 1996)). In this, the Fifth Circuit has made clear that "one of the case agents overseeing the wiretap operation" may authenticate the records even though the agent "was unaware of the specific workings of the equipment and the operator's competency." *Green*, 324 F.3d at 380. Indeed, even where the original audio is intercepted by a foreign government but not produced at all, "the party seeking to prove the contents of the recording—here, the government—may do so by any kind of secondary evidence." *United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994).

## ARGUMENT

Recorded phone calls, whether wire intercepts authorized under Title III or jail calls or 911 calls admitted pursuant to Federal Rule of Evidence 902(11), are often key components of proving up criminal conspiracies, and courts routinely admit them pre-trial based on supporting declarations. Here, the Government intends to introduce the Subject Calls, which were intercepted, monitored, and recorded by the ISA in the regular course of its monitoring and collection activities on behalf the Israeli Government. While this type of evidence is unusual in a United States courtroom, it nevertheless fits within the frameworks contained in the Federal Rules of Evidence, including those for self-authenticating evidence. For the following three reasons, the Court should enter a pre-trial order ruling that the Maya Certificate authenticates the Subject Calls for trial.

*First,* the Maya Certificate reflects that the ISA's monitoring, intercepting, and recording the Subject Calls was a regular practice of the entity and thus properly admitted pursuant to Section 3505. With ISA routinely monitoring, intercepting, and recording phone calls, the Subject Calls are akin to jail calls or 911 calls that prisons and police departments routinely monitor, intercept, and record and are thus properly authenticated via FRE 902(11) certification. This makes sense because the Subject Calls, like jail calls and 911 calls, were collected in "ordinary course of business, not for the purpose of establishing or proving some fact at trial," *Age*, 136 F.4th at 226. Indeed, that is even truer here than in the jail call and 911 contexts, in that the Government secured them via international records request from an organization in ISA that has no formal law enforcement relationship with the Government, in contrast than corrections facilities or police departments who are routinely considered part of the prosecution team yet are still able to certify the authenticity of jail calls and 911 calls. Indeed, at the time the Israeli Government intercepted these phone calls on October 7, it was unforeseeable that the Defendant would flee to Egypt and lie his way into the United States to stand trial here, which drives home that the calls' recording at that time could not have been "for the purpose of establishing or proving some fact at trial" like would be the case for a wiretap. *Id*. For these reasons, the Court should recognize these calls to be properly authenticated as records of a regularly conducted activity and that the Maya Certificate properly authenticates them pursuant to Federal Rule of Evidence 902(11).

*Second*, even if the Court were to treat the Subject Calls like wire intercepts instead of the business records they are, the Maya Certificate meets the criteria set forth in both Section 3505 and the caselaw governing intercepted communications anyway. It specifies under penalty of perjury in Israel and the United States that the declarant, "Maya," is an appropriate records custodian able to attest to the accuracy and authenticity of the Subject Calls, that they were

captured at or near the time made, that their capture was part of a regular practice, and that the records are true and accurate copies. In this way, the Maya Certificate is sufficient on its own terms for this Court to find the Subject Calls sufficiently authenticated for trial.

*Third*, the Court's review of materials in the *ex parte* CIPA process also leaves it positioned to make an "independent examination" of the attestation and process that will allow it to be "convinced that the recording accurately reproduces the auditory experience." *Buchanan*, 70 F.3d at 827. On this front, it's notable that while the Government intends to have "Maya" testify at trial, her testimony will essentially be limited to the Maya Certificate's contents, with the defense's cross examination constrained by CIPA Section 5 due to the classified nature of the State of Israel's data interception program. In this way, the Court making an authentication decision before trial will not prejudice the defense.

## CONCLUSION

For all these reasons, the Government respectfully submits that this Court should enter a pre-trial order holding the six phone calls attached as **Exhibits 2-7** to be properly authenticated.

Dated: September 15, 2026

Respectfully submitted,

ZACHARY A. KELLER
UNITED STATES ATTORNEY

By: *\/s/ Zachary A. Keller*

ZACHARY A. KELLER
JOHN W. NICKEL
U.S. Attorney's Office – WDLA
Special Bar No. 803262 (Keller)
LA Bar No. 37819 (Nickel)
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Tel: (337) 262-6618
Email: Zachary.keller@usdoj.gov

ELIZABETH J. SHAPIRO
D.C. Bar No. 418925

U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-5302
Email: Elizabeth.Shapiro@usdoj.gov

D. ANDREW SIGLER
Ala. Bar No. 5175-I72D
Trial Attorney, Counterterrorism Section
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Phone: 202-514-0849
Email: Andrew.sigler@usdoj.gov

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that on August 18, 2026, I conferred with Assistant Federal Public Defenders Dustin Talbot and Aaron Adams about another pre-trial motion in this matter, and on August 21, AFPD Talbot advised that the defense would not be stipulating to any matters at this time. As a result, the Government understands this Motion to be opposed.

*/s/ Zachary A. Keller*
Zachary A. Keller
United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Zachary A. Keller*
Zachary A. Keller
United States Attorney