**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 25-00285-1** |
| **VERSUS** | **JUDGE JOSEPH** |
| **MAHMOUD AMIN YA'QUB AL-MUHTADI** | **MAGISTRATE JUDGE WHITEHURST** |

---

# AFFIDAVIT OF DUSTIN C. TALBOT

---

STATE OF LOUISIANA
PARISH OF LAFAYETTE

BEFORE ME, the undersigned Notary Public, personally came and appeared DUSTIN C. TALBOT, who, after being duly sworn, did depose and state:

**1.** I am an Assistant Federal Public Defender for the Middle and Western Districts of Louisiana, where I serve as First Assistant Federal Public Defender and Appellate Chief. I am licensed to practice law in the State of Louisiana and am admitted to practice before this Court.

**2.** I have been counsel of record for Mahmoud Al-Muhtadi since October 2025. I have practiced criminal defense in the federal courts for over fifteen years. I make this affidavit in support of Mr. Al-Muhtadi's motion to dismiss the superseding indictment, and I state the following of my own personal knowledge.

**3.** The superseding indictment alleges that Mr. Al-Muhtadi provided and conspired to provide material support to Hamas in Gaza and in Israel on October 7, 2023. From the time of my appointment, I understood that defending those charges would require an investigation inside

DEFENDANT'S EXHIBIT 01

Gaza, because the conduct alleged is said to have begun there, because Mr. Al-Muhtadi maintains that he remained there, and because the persons who can establish where he was that day live there.

**The search for an investigator**

**4.** Beginning in early 2026, once discovery had been produced and reviewed, I consulted attorneys and other professionals with national experience in the defense of prosecutions brought under 18 U.S.C. § 2339B and in the litigation of terrorism prosecutions involving classified information. I sought their assistance in identifying an investigator who was both qualified to conduct an investigation inside Gaza and willing to do so in a case arising from the events of October 7, 2023.

**5.** Acting on those consultations and on my own inquiries, I contacted or caused to be contacted several investigators and investigative organizations experienced in conducting investigations outside the United States.

**6.** Several of the investigators I approached maintained existing contacts inside Gaza. Those investigators declined the engagement. The reason they gave was the danger that communicating with persons outside Gaza now presents for people who remain inside the territory. Other investigators I approached declined for other reasons or did not respond.

**7.** In June 2026, I retained a consulting attorney with significant experience in international terrorism cases for the purpose of helping to find an investigator and other experts.

**8.** With the help of the consulting attorney, I found a reputable investigator able and willing to undertake this work in July 2026. One World Research and its director, Bridget Prince, were retained by my office in July 2026. Approximately nine months elapsed between my appointment in this case and the retention of an investigator capable of attempting this investigation.

**9.** The findings of that investigation are set out in the Declaration of Bridget Prince, submitted with this motion.

**Communications with witnesses in Gaza**

**10.** Ms. Prince and I have individually spoken, by telephone, with several eyewitnesses who are located in Gaza.

**11.** Each of those witnesses has stated that he or she was with Mr. Al-Muhtadi, or saw Mr. Al-Muhtadi in Gaza, on the morning of October 7, 2023 and at points throughout that day. If called to testify, I expect each of them to so testify.

**12.** The eyewitnesses presently known to the defense are identified by name in the sealed Rule 15 motion filed contemporaneously with this affidavit. They will also be identified in Mr. Al-Muhtadi's notice of alibi defense under Fed. R. Crim. P. 12.1, which is due October 30, 2026. The investigation is continuing, and I anticipate that additional alibi witnesses may be identified before that date.

**13.** Those conversations took place under the conditions described in the Prince Declaration. In my experience of them, calls repeatedly terminate due to power outages and conversations must occur in short snippets. The cellular connection does not reliably carry a full exchange, and the witnesses have no private place from which to speak.

**What the defense has been unable to do**

**14.** Neither I, nor co-counsel, nor any investigator retained on Mr. Al-Muhtadi's behalf has been able to enter Gaza. No witness located in Gaza has been able to leave the territory to meet with us in a neighboring country.

**15.** Consequently, and notwithstanding the telephone contact described above, the defense has been unable to do the following, each of which I would ordinarily regard as a necessary part of investigating and preparing an alibi defense:

a. Meet with any of these witnesses in person, interview them at length, take a statement from them in person, or evaluate in person how each of them is likely to withstand cross-examination.

b. Show any of these witnesses the government's recordings, exhibits, photographs, maps, or other documents, and record their responses.

c. Canvass the locations at issue, or the areas in which Mr. Al-Muhtadi says he was, in order to identify additional witnesses who are not already known to the defense.

d. Photograph, videotape, measure, or otherwise document any location in Gaza relevant to the charges, or obtain photographic or video material created in Gaza on or about October 7, 2023.

e. Collect or examine any physical evidence located in Gaza.

f. Obtain records held by the *Democratic Front for the Liberation of Palestine* or by its military wing, the *National Resistance Brigades*, bearing on the government's contention that Mr. Al-Muhtadi was a member of those organizations on October 7, 2023.

g. Obtain records held by the authorities administering Gaza, or by any institution located there.

**16.** The conditions described above have not improved during the period I have represented Mr. Al-Muhtadi, and I am aware of no step available to the defense that would change them.

D. Talbot

DUSTIN C. TALBOT

SWORN TO AND SUBSCRIBED before me, Notary Public, this 23rd day of September, 2026, at Lafayette, Louisiana.

Marjorie Brooks

NOTARY PUBLIC

Printed Name: Marjorie R. Brooks
Bar Roll / LA Notary ID No. 013574
My Commission is for life.

MARJORIE R. BROOKS
NOTARY PUBLIC #013574
LAFAYETTE PARISH, LOUISIANA