UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

# REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS THE FRUITS OF THE GOOGLE GEOFENCE WARRANTS AND TO COMPEL DISCLOSURE OF THE ORIGIN OF THE IDENTIFICATION

NOW INTO COURT comes the defendant, Mahmoud Al-Muhtadi, through undersigned counsel, who files this reply to the government's response (Doc. 120) and in further support of his motion to suppress the fruits of the Google geofence warrants and to compel disclosure of the origin of the identification (Doc. 111).

The government has now told the Court, in a signed filing, that "no fruits from any geofence warrants played a role in identifying Al-Muhtadi as a participant in the October 7 attacks." (Doc. 120 at 3). It adds that "an FBI agent with knowledge of the geofence warrants will testify categorically that geofence warrants played no part whatsoever in the identification of the defendant." (Doc. 120 at 3 n.2). Mr. Al-Muhtadi takes the government at its word and will hold it to that representation.

What the government still has not done is say how it did identify Mr. Al-

Muhtadi. That question has been pending for five months. In May, the defense asked for the date Mr. Al-Muhtadi first became a subject of any United States investigation, "the predicating information for that designation, and the identity of the source of that predication," including any "foreign-government tip." (Doc. 47 at 12). The government answered by pointing to the complaint affidavit and other discovery already produced. (Doc. 74-3 at 2). The defense moved to compel, noting that the source of the predication had not been provided. (Doc. 74-2 at 4). The government responded that it "did not become aware of the Defendant until May of 2025" (Doc. 82 at 5), citing a paragraph of the complaint affidavit that says only that the Government of Israel "provided information to the United States Government" that month (Doc. 1-1 ¶ 28). The defense kept the request live. (Doc. 86-1 at 3).

At the August 4 hearing, defense counsel asked Agent Grimes whether any communication predated the May 20, 2025 document that discovery presents as the start of the investigation. The government objected that the answer was classified. At sidebar, the Court asked whether the witness could "answer yes and move on," government counsel said, "I think so," and the Court described the answer as "[j]ust that there is a prior communication." Government counsel then told the Court that the United States "was completely unaware of Mr. Al-Muhtadi until the Government of Israel notified us," and, when the Court asked why Israel would do so, answered, "I think it will be clearer when you see our CIPA filing." (Doc. 114 at 23:24-25:24). The motion renewed the request and asked, if the government maintains that it

learned of Mr. Al-Muhtadi from Israel, that it say so on the record and produce the evidence of that disclosure. (Doc. 111-1 at 2-3; Doc. 111-2 at 2). Doc. 120 does not respond to that request.

The government's representation makes the answer more important. If the geofence warrants did not identify Mr. Al-Muhtadi, something else did, and the government has said only that it was Israel. How and when Israel came to identify him, and what prompted it to notify the United States, bears directly on the reliability of the identification on which this prosecution rests. Mr. Al-Muhtadi therefore asks the Court to order the government, within a time the Court sets, to disclose how and when the United States first learned of Mr. Al-Muhtadi, including the communication that predates the May 20, 2025 document, and to produce the evidence of the Israeli disclosure. To the extent the government contends any part of that answer is classified, he asks the Court to require the government to submit that part ex parte and in camera so the Court can decide what must be disclosed. (Doc. 111-1 at 21-22).

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY: ***s/ Dustin C. Talbot***
DUSTIN C. TALBOT
First Assistant / Appellate Chief

***s/ Aaron A. Adams***
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of Louisiana

102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Dustin C. Talbot***