UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

---

EXPERT WITNESS DISCLOSURE: LARS DANIEL

---

NOW INTO COURT comes the defendant, Mahmoud Al-Muhtadi, through undersigned counsel, who provides notice under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and Rules 702, 703, and 705 of the Federal Rules of Evidence that he intends to call Lars Daniel as an expert in digital forensics, including the forensic authentication of digital audio recordings and electronic documents and the use of generative artificial intelligence to create or alter digital media.

Mr. Daniel is the Director of Digital Forensics at Rimkus Consulting Group, Inc. He has more than seventeen years of experience in digital forensics and has testified as an expert in state and federal courts across the United States and internationally. Courts have recognized him as an expert in digital, computer, cell phone, video, photo, and audio forensics. He holds the EnCase Certified Examiner (EnCE) credential, among other forensic and telecommunications certifications, and

in October 2026 he served as an invited panelist before the Advisory Committee on Evidence Rules of the Judicial Conference of the United States on deepfakes and proposed Federal Rule of Evidence 901(c). His curriculum vitae is attached as Exhibit A. It details his education, training, work experience, and publications, identifies the books he has authored, and directs readers to a searchable archive of the articles he has published as a Forbes contributor. A list of the cases in which Mr. Daniel has testified as an expert at trial or by deposition, including every such case in the previous four years, is attached as Exhibit B.

Mr. Daniel will testify about the forensic information needed to verify the source and integrity of digital audio recordings and electronic documents, and about whether the discovery produced in this case supplies that information. His testimony will address two sets of evidence: the six recorded phone calls the government seeks to authenticate (Doc. 99, Exs. 2-7), and the six documents the government offers as battlefield evidence recovered from devices seized in Gaza (Doc. 45, Exs. 1-6). Mr. Daniel will offer the following opinions.

First, Mr. Daniel will testify that the discovery provided is insufficient for independent forensic verification of the recordings and documents. The materials he reviewed do not establish a sufficiently documented connection between the produced files and the devices or recording systems from which they allegedly came, including how the material was collected and processed before it was produced.

Second, Mr. Daniel will testify that he cannot independently verify the claimed

source and integrity of the recordings and documents from this discovery. The information provided does not give him a sufficient forensic basis to verify that the produced material accurately preserves the particular calls or source-device files it is claimed to represent.

Third, Mr. Daniel will testify about the additional source evidence and records that verification would require. For the documents allegedly recovered from seized laptops and hard drives, he would need forensic images or verified forensic acquisitions that preserve the relevant files, their locations on those devices, and their associated metadata. For the recordings, he would need the source recording data or verified forensic copies, together with the relevant recording-system and call records and, where available, a forensic acquisition of the recording storage. For both sets of evidence, he would also need the available records explaining how the material was acquired, processed, and kept in custody.

Fourth, Mr. Daniel will testify that, without that foundation, he cannot determine whether the produced material accurately reflects what was allegedly recovered or recorded. He will explain that generative artificial intelligence makes this distinction particularly important because it can generate convincing speech and documents without the involvement of the purported speaker or author.

Fifth, Mr. Daniel will testify that each produced file could contain material that was fabricated or altered before production, and that the discovery provided does not resolve that possibility.

Sixth, Mr. Daniel will testify that creating or altering this general kind of material does not necessarily require specialized equipment. Consumer phones and computers provide access to software for editing recordings and documents, and to online services that generate speech resembling a supplied voice sample.

Mr. Daniel bases these opinions on his review of the discovery produced by the government in this case and on his digital-forensics training and experience. The materials he has reviewed include the six audio files produced as the recordings of the calls and the related discovery concerning those recordings; the files produced for each of Exhibits 1 through 6 to the government's motion in limine, in the form the government produced them, along with related discovery; the defense's specific discovery requests, the government's responses, and the briefing and transcript of the August 4, 2026 hearing on the defense motion to compel; and the pleadings addressing the recordings and the documents.

Mr. Daniel's reasoning rests on generally accepted principles of digital forensics. Independent forensic verification requires a sufficiently documented connection between the produced files and the devices or recording systems from which they allegedly originated, including how the material was collected and processed before production. For documents allegedly recovered from devices, that verification would require forensic images or verified forensic acquisitions preserving the relevant files, their locations, and associated metadata. For recordings, it would require the source recording data or verified forensic copies, together with relevant

recording-system and call records and, where available, a forensic acquisition of the recording storage. In both cases, it would also require available records explaining acquisition, processing, and custody. Because the discovery Mr. Daniel reviewed does not supply that foundation, he cannot determine whether the produced material accurately reflects what was allegedly recovered or recorded, and the discovery does not resolve the possibility that the material was fabricated or altered before production. His opinions about generative artificial intelligence and the accessibility of editing and voice-generation tools rest on his training and experience examining digital audio and documents and his work studying the forensic challenges that synthetic media presents.

Mr. Daniel also relies on the following generally accepted technical references: Scientific Working Group on Digital Evidence (SWGDE), Best Practices for Computer Forensic Acquisitions, 17-F-002 v2.1; National Institute of Standards and Technology, NISTIR 8387, Digital Evidence Preservation: Considerations for Evidence Handlers; SWGDE, Best Practices for Digital Audio Authentication, 15-A-001 v1.3; and European Network of Forensic Science Institutes (ENFSI), Best Practice Manual for Digital Audio Authenticity Analysis, FSA-BPM-002.

The defense will supplement this disclosure under Rule 16(c) if additional discovery or examination findings cause Mr. Daniel to modify or add to his opinions.

Under Rule 16(b)(1)(C)(v), Mr. Daniel has reviewed this disclosure and approves it, as shown by his signature below.

LARS DANIEL
Director of Digital Forensics
Rimkus Consulting Group, Inc.

Date: October 29, 2026

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY: ***s/ Dustin C. Talbot***
DUSTIN C. TALBOT
First Assistant / Appellate Chief

***s/ Aaron A. Adams***
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 30, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Dustin C. Talbot***