UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 25-00285-1 |
| VERSUS | JUDGE JOSEPH |
| MAHMOUD AMIN YA'QUB AL-MUHTADI | MAGISTRATE JUDGE WHITEHURST |

---

# EXPERT WITNESS DISCLOSURE: SPENCER J. McINVAILLE

---

NOW INTO COURT comes the defendant, Mahmoud Al-Muhtadi, through undersigned counsel, who, under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and Rules 702, 703, and 705 of the Federal Rules of Evidence, identifies Spencer J. McInvaille as a potential expert witness in digital forensics and geolocation analysis, including Google Location History and records produced in response to Google geofence warrants.

Mr. McInvaille's qualifications, training, professional experience, publications, and prior expert testimony are described in his accompanying curriculum vitae, attached as Exhibit A, which lists his publications from the previous ten years and every case in which he has testified as an expert at trial or by deposition in the previous four years.

If called, Mr. McInvaille may provide testimony explaining the following

subjects:

The technical process through which geographic boundaries and time periods are specified in a geofence request; how Google historically identified potentially responsive Location History records; and the stages through which Google produced "anonymized" location records, additional contextual location records for selected identifiers, and account-identifying information. His testimony may address the respective roles of Google and investigators and variations in the process applicable to the relevant time period and production.

The types, structure, and meaning of information contained in geofence productions, including timestamps, latitude and longitude coordinates, identifiers, reported accuracy or uncertainty values, location-source information where provided, and associated subscriber or account information.

How Google Location History estimates device location using available location inputs, which may include GPS, Wi-Fi, and cellular information; how coordinates and timestamps can be interpreted and mapped; and how reported uncertainty affects the geographic conclusions supported by a location estimate. He may explain methods for evaluating whether records support an estimated device location within or near a relevant area at a particular time and for comparing those estimates with other independently obtained evidence.

Factors affecting the availability, completeness, precision, and interpretation of the records, including relevant account and device settings, collection intervals,

gaps in recorded locations, environmental conditions, and the sources used to estimate location. He may explain why a plotted coordinate is an estimate rather than a guaranteed exact position; why an accuracy radius is not a guaranteed boundary; why inclusion in a geofence production does not, by itself, establish presence at a particular address or inside a particular building; and why the absence of a responsive record does not, by itself, establish absence from an area. He may also explain the distinction between information associated with an account or device and evidence identifying the person possessing or using that device.

Methods for reviewing geofence records, interpreting timestamps and time zones, correlating identifiers across productions, evaluating location estimates and associated uncertainty, and preparing maps or other demonstrative exhibits. He may explain the limitations of inferring routes, continuous presence, speed, or movement between separately recorded location points and the need to distinguish recorded observations from interpolation or other analytical assumptions.

Mr. McInvaille may also testify that the records Google produced in response to the geofence warrants concerning October 7, 2023, do not place a device or account associated with Mr. Al-Muhtadi within any area searched.

Mr. McInvaille bases his testimony on generally accepted principles of digital forensics and geolocation analysis, on his training and experience analyzing Google Location History and geofence productions, and on his review of the discovery the government has produced in this case relating to the geofence warrants, including

the warrant issued February 20, 2025, and its application, affidavit, and attachments; the affidavits supporting the earlier warrants issued November 2, 2023, and March 15, 2024; Google's March 4, 2025 production and transmittal letter; and the FBI report documenting that production. He has also reviewed the pleadings addressing the geofence warrants.

The defense will supplement this disclosure under Rule 16(c) if additional discovery or examination findings cause Mr. McInvaille to modify or add to his testimony.

Under Rule 16(b)(1)(C)(v), Mr. McInvaille has reviewed this disclosure and approves it, as shown by his signature below.

SPENCER J. McINVAILLE
Vice President, Digital Forensics
Envista Forensics

Date: 10/30/2026

RESPECTFULLY SUBMITTED,

CRISTIE GAUTREAUX GIBBENS
Federal Public Defender

BY: ***s/ Dustin C. Talbot***
DUSTIN C. TALBOT
First Assistant / Appellate Chief

***s/ Aaron A. Adams***
AARON A. ADAMS
Assistant Federal Public Defender
Federal Public Defender's Office
Middle and Western Districts of Louisiana
102 Versailles Boulevard, Suite 816
Lafayette, Louisiana 70501
Telephone: (337) 262-6336

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2026, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Dustin C. Talbot***