**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:25-CR-00285-01** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MAHMOUD AMIN YA'QUB AL-MUHTADI (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MINUTES OF COURT:**
**MOTIONS HEARING**

| | | | |
|---|---|---|---|
| Date: | Nov. 3, 2026 | Presiding: | Judge David C. Joseph |
| Court Opened: | 10:08 AM | Courtroom Deputy: | Lisa LaCombe |
| Court Adjourned: | 2:38 PM | Court Reporter: | Beth Delatte |
| Statistical Time: | 2:53 | Courtroom: | Courtroom 1 |
| Interpreters: | Rodina Mikhail<br>Marwan Rahman | | |

**<u>APPEARANCES</u>**

| | | |
|---|---|---|
| Zachary A. Keller (USA)<br>John W. Nickel (AUSA)<br>Elizabeth J. Shapiro (AUSA)<br>Andrew Sigler (AUSA) | For | United States of America |
| Dustin Charles Talbot (AFPD)<br>Aaron Albert Adams (AFPD) | For | Mahmoud Amin Ya'qub Al-Muhtadi (01) Defendant |
| Mahmoud Amin Ya'qub Al-Muhtadi (01) | | Defendant (In Custody) |

**<u>PROCEEDINGS</u>**

Case called for motions hearing.
Interpreters Rodina Mikhail and Marwan Rahman sworn and under oath.

After considering oral arguments, motions, memoranda and responses submitted as well as the applicable law, and for the reasons stated on the record, the Court ruled as indicated below. See court reporter transcript for complete colloquy.

**<u>DEFENDANT MOTIONS</u>:**

After hearing argument of counsel, the Court took the following Motions under advisement. A written ruling will follow.

[105] Motion to Dismiss Counts 3 and 4 of the Superseding Indictment as Impermissible Extraterritorial Applications of 18 U.S.C. § 1546(a) and 18 U.S.C. § 1001;

[107] Motion to Strike the Death-Resulting Allegations in Counts 1 and 2;

[108] Motion to Dismiss Counts 1 and 2 of the Superseding Indictment for Failure to State an Offense and for Unconstitutional Vagueness; and

[109] Motion to Suppress the Products of Israeli Warrantless Surveillance.

[111] Motion to Suppress the Fruits of the Google Geofence Warrants and to Compel Disclosure of the Origin of the Identification.

Additionally, the Court **ORDERED** the parties to submit briefs to address the appropriate standard of causation re: [107] Motion to Strike the Death-Resulting Allegations in Counts 1 and 2 **seven (7) days prior to the pretrial conference**.

The Court addressed two motions recently filed by Defendant:

[163] Motion to Exclude Government's Proposed Expert "Avi," or, in the Alternative, For a Hearing Under *Daubert*; and

[164] Motion to Exclude or Limit the Testimony of Special Agent Kevin P. Hoyland, or, in the Alternative, For a Hearing Under *Daubert*.

The Court will hold a *Daubert* hearing outside the presence of the jury regarding "Avi" before jury selection begins. **The Government shall file a response to [163] prior to the pretrial conference**. The Government <u>is not required</u> to file a response to [164] <u>but may if they choose</u>. After discussion with counsel, the Court determined that Agent Kevin Hoyland's expected testimony does not require a *Daubert* hearing, and the issues regarding his testimony raised by Defendant will be addressed during trial.

**<u>GOVERNMENT MOTIONS</u>:**

After considering oral argument, the Court **GRANTED** [96] Motion in Limine for Court to Take Judicial Notice of Executive Branch Terrorist Designations. The Court takes judicial notice that: (1) HAMAS has been a designated foreign terrorist organization ("FTO") since 1997 and retains that designation; (2) the Democratic Front for the Liberation of Palestine ("DFLP") was a designated FTO from 1997 to 1999; and (3) both HAMAS and DFLP have been designated as Specially Designated Global Terrorist ("SDGT") organizations since 2001.

Upon consideration, the Court **GRANTED** [97] Motion in Limine to Prohibit Unauthorized Disclosure of Classified Materials at Trial. Pursuant to 18 U.S.C. App. III § 5(a), **defense counsel shall make a disclosure to the Government at least thirty (30) days prior to trial** if the defense

"reasonably expects to disclose or to cause the disclosure of classified information in any manner or in connection with the Government's presentation of this matter." If nothing is reasonably anticipated, Defendant shall notice a negative attestation. Defendant's attestation shall be filed in the record UNDER SEAL.

The Court **DENIED AND DEFERRED TO TRIAL** [98] Motion in Limine Precluding Improper Defenses and Argument as discussed on the record.

The Court **GRANTED** [99] Motion in Limine to Authenticate Six Intercepted Phone Calls. The affidavit of "Maya" meets the requirements for authenticity pursuant to 18 U.S.C. § 3505 and the Court does not find that the source of the information or circumstances of preparation inherently indicates a lack of trustworthiness. The circumstantial limitations on the evidentiary value of these six calls can be addressed at the trial during "Maya's" cross-examination and by any evidence and argument put forth by the Defendant. The Government will go through the required steps to authenticate these calls with "Maya" on the witness stand under oath for the benefit of the jury. The Court finds these calls to be authenticated for the purpose of § 3505.

The Court **DEFERS** ruling on [100] Motion in Limine to Permit Various Forms of Evidence at Trial. The Motion will be addressed at the pretrial conference.

Without objection, the Court **GRANTED** [101] Motion in Limine to Compel Defense Production of Transcripts and Translations for Materials Intended for Use at Trial. The Government's request and timeline for exchanging transcripts/translations is reasonable. The **Government shall produce the transcripts/translations by November 30, 2026**, to defense counsel. **Defense counsel shall produce any competing transcripts/translations by December 14, 2026**, to Government counsel.

[102] Motion to Shield the Identity of Certain Witnesses and for Other Protective Measures to Ensure Witness Safety for witnesses who will testify at trial is **GRANTED** to the extent set forth in a forthcoming written ruling.

The Court reserves ruling on the authenticity of Exhibits 1-6 until trial re: [45] Motion in Limine to Admit Battlefield Evidence. Defense counsel shall have the opportunity prior to trial to *voir dire* the Government witness, "Avi," concerning methods of authentication. The documents' admissibility pursuant to Rule 801(d)(2)(E) and 807 is likewise **DEFERRED** to trial along with the Courts determination of Defendant's argued applicability of the Confrontation Clause. The Motion is therefore **DENIED** and **DEFERRED** to trial.

Following discussion regarding the Letters Rogatory issued, the Court will conduct a Status Conference on **November 20, 2026, at 10:00 a.m.** in chambers for local counsel and via Zoom for out-of-town counsel, to discuss outstanding issues and a new trial date, if appropriate.